■ R.P.I. SERVICES, INC., Doing Business as RESPONSE MEDICAL STAFFING, Respondent, v JASON EISENBERG et al., Appellants. [876 NYS2d 45]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered December 17, 2008, which denied defendants' motion for summary judgment to the extent of setting a maximum amount of damages that may be recoverable, unanimously affirmed, with costs.

Plaintiff alleges misappropriation of trade secrets and tortious interference with prospective business relations by the corporate defendants, as well as breach of contract, breach of loyalty and misappropriation of trade secrets by the individual defendants. The court was unable to ascertain, from the documents submitted, that plaintiffs' recovery should be limited to the net profits it would have earned upon the staffing placement of 12 nurse candidates by the corporate defendants.

In *Duane Jones Co. v Burke* (306 NY 172, 192 [1954]), the Court of Appeals held that a plaintiff making similar allegations "was entitled to recover as damages the amount of loss sustained by it, including opportunities for profit on the accounts diverted from it through defendants' conduct," and that the plaintiff's loss "was a continuing one extending at least up to the date of trial." The Court declined to limit the jury's abil-

ity to assess the extent of damages "when from the nature of the case the amount of the damages cannot be estimated with certainty, or only a part of them can be so estimated" (id.; see also McRoberts Protective Agency v Lansdell Protective Agency, 61 AD2d 652 [1978]). On the record before us, the maximum amount of damages cannot be set as a matter of law.

Motion seeking leave to supplement record granted and to strike reply brief denied.

Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ.